IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIC THOMAS BAKER,

       Petitioner,

v.

MARK NOOTH,

       Respondent.

Civil No. 09-1003-PA

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") denying him release on parole. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner was convicted in 1987 and 1988 of several counts of Burglary, Attempted Burglary, and Possession of a Controlled Substance. Respondent's Exhibit 101. He was released on parole, but in 2003 committed additional crimes resulting in the revocation of his parole and additional terms of incarceration. Respondent's Exhibit 103, p. 160.

In 2005, the Board considered the issue of petitioner's future disposition and denied re-release. *Id* at 137-48. Petitioner sought administrative review of this decision, but the Board upheld its decision. *Id* at 153-59, 160-62.

Petitioner next sought judicial review in the Oregon Court of Appeals, and sought four extensions of time to file his motion for leave to proceed with judicial review. Respondent's Exhibit 108. After granting four extensions of time, the Oregon Court of Appeals stated that it would not grant any additional extensions. *Id*. Petitioner's attorney filed Section A of a *Balfour* brief and sought

2 - OPINION AND ORDER

additional time to file a Section B to the brief.[1] The Oregon Court of Appeals declined to grant an additional extension of time and dismissed the case. *Id.*

Petitioner later filed a *pro se* Section B document and asked the Oregon Court of Appeals to reconsider its prior order of dismissal. Respondent's Exhibit 109. The Oregon Court of Appeals granted the motion to reconsider, but reaffirmed its decision to dismiss the case on the basis that petitioner's Section B failed to present a substantial question of law. Respondent's Exhibit 110. Although petitioner petitioned the Oregon Supreme Court for review, review was denied. Respondent's Exhibit 112.

Petitioner filed this federal habeas corpus action on August 24, 2009 raising a variety of claims which are adequately identified in the Petition and the State's Response. Respondent asks the court to deny relief on the Petition because petitioner failed to fairly present any federal issues to the Oregon Court of Appeals or the Oregon Supreme Court; thus all of his claims are now procedurally defaulted.

///

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - OPINION AND ORDER

## **DISCUSSION**

Although petitioner raises eight grounds for relief in his *pro se* Petition, he chooses to confine his case to the *ex post facto* claim in Ground One of his Petition. Memo in Support (#26), p. 1. Respondent asks the court to deny relief on this claim because it is procedurally defaulted.

### I.   **Exhaustion Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

4 - OPINION AND ORDER

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. Analysis

Pursuant to Oregon law, a litigant may only challenge a decision by the Board if he first exhausts his administrative remedies. ORS § 144.335(1)(b). If the litigant has not exhausted the administrative remedies as provided by the Board's rules, the Oregon Court of Appeals will not consider the litigant's claims. *Eli v. Board of Parole*, 187 Or. App. 454, 457-58 (2003) (refusing to entertain claim which had not been presented to the Parole Board during administrative review); *Woolstrum v. Board of Parole*, 141 Or. App. 332, 336-37, 918 P.2d 112 (1996) (same); *Toriano v. Board of Parole*, 144 Or.App. 325, 326, 925 P.2d 167 (1996) (same).

In this case, petitioner availed himself of his administrative review remedy with the Board, but he failed to present his *ex post*

5 - OPINION AND ORDER

*facto* claim, thereby leaving it unpreserved for judicial review by the Oregon Court of Appeals. In fact, the Oregon Court of Appeals specifically determined that this claim was unpreserved because it was not raised during petitioner's administrative review with the Board. Respondent's Exhibit 110, p. 2.

Petitioner acknowledges this history, but argues that Oregon's corrective process was insufficient to allow him to meaningfully present his claim, and exhaustion must be excused pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii). This statutory provision provides that the habeas corpus exhaustion requirement may be excused if there is an absence of available State corrective process. According to petitioner, he qualifies for this exception to exhaustion because federal habeas corpus review should not be foreclosed based on his failure to present federal constitutional claims to non-lawyers at the very agency that allegedly violated his rights.

Petitioner has not cited, and the court is unable to find, any authority for the proposition that a state preservation requirement excuses a habeas petitioner from the exhaustion requirement either because it requires a petitioner to make his claim to the agency which denied him release on parole, or because it requires a non-lawyer to consider the merits of a legal claim before it may be raised to judges sitting on an appellate panel. Indeed, contrary to petitioner's assertion that there is no available state corrective process, Oregon clearly sets forth a corrective process

6 - OPINION AND ORDER

which calls for an unbiased judicial review. The only prerequisite is that petitioner frame his claims for the Board's consideration before asking a court to conclude that the Board erred. Despite petitioner's protestations about the propriety of this, he did, in fact, comply with this requirement but simply failed to include the claim at issue in this case.

Implicit in petitioner's argument is his concern that asking the Board to reverse its own decision is an exercise in futility, thereby giving him cause to excuse his procedural default. The Supreme Court, however, has consistently stated that "futility cannot constitute cause [to excuse a procedural default] if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citing *Engle v. Isaac*, 456 U.S. 107, 130, n. 35 (1982)); *Smith v. Murray*, 477 U.S. 527, 535 (1986). Thus, whatever chances petitioner believes he had of succeeding on his *ex post facto* claim have no bearing on his responsibility to fairly present that claim in accordance with Oregon's administrative review and appellate processes. Administrative review before the Board is simply a statutory requirement antecedent to taking a proper judicial appeal of the Board's decision in Oregon. Had petitioner simply complied with this statutory requirement as to his *ex post facto* claim, he could have had the independent, legal analysis of his claim that he asserts the Board could not give him.

7 - OPINION AND ORDER

Petitioner's disagreement with the state statutory requirement that he frame his issue for the Board's consideration does not compel the conclusion that Oregon lacks a state corrective process to adjudicate his *ex post facto* claim. Thus, the exhaustion requirement is not excused.

In sum, the court concludes that the exhaustion requirement applies to petitioner, he failed to fairly present his *ex post facto* claim to Oregon's state courts, and the claim is now procedurally defaulted. Relief on the Petition is therefore denied.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 28 day of September, 2010.

_____
Owen M. Panner
United States District Judge

8 - OPINION AND ORDER